UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 13-11768

FRANK URBANI, DEREK EVERETT,
RICHARD PALUMBO, TIMOTHY BROWN,
JORGE TORRES, KAREN BERUBE,
BRUCE WHITNEY, YESSENIA GOMEZ

      Plaintiffs,

v.

WELLESLEY COLLEGE,

      Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an Action brought under the Fair Labor Standards Act of 1939, as amended, 29 USC §201, et seq. (the "Act") for overtime wages that were not paid to Police Officers of Wellesley College. The plaintiffs are past and present members of the Wellesley College Police Department who, by virtue of the defendant's failure to include regular amounts received from shift differential pay and other regular elements of compensation in its employees/ plaintiffs' base hourly rate for purposes of determining overtime, are in willful violation of the Act since and on and after three (3) years preceding the filing of this Complaint and continuing. The affected employees seek recovery of all overtime compensation unlawfully denied them, liquidated damages in an amount equal to all overtime that was not paid, as required by the Act for this period, and reasonable costs and attorneys fees which are provided for an provided by the Act.

## II. JURISDICTION

2. The jurisdiction of this court is invoked pursuant to §16(b) of the Act.

3. The venue of this court is invoked pursuant to 28 USC §1391, in that the events or omissions giving rise to this Action occurred in this judicial district.

## III. PARTIES

4. Plaintiffs Frank Urbani, Derek Everett, et.al. are past and present members of The Wellesley College Police Department employed by the Defendant at material times therein. The plaintiffs bring this action on behalf of themselves and all others similarly situated.

5. The Defendant is, and at all material times hereinafter mentioned was, Wellesley College, Wellesley, Massachusetts.

## IV. FACTS

6. Since on and after the three (3) years proceeding the filing of this Complaint and continuing, the Plaintiffs have at all times been entitled to receive overtime in accordance with the provisions of the Act and the provision of their collective bargaining agreement with the Defendant, when they work in excess of their regularly scheduled shift.

7. On numerous days, the Plaintiffs have worked in excess of their regularly scheduled shift.

8. During such work periods, the Defendant has failed to include in the regular hourly pay rate amounts received from shift differential pay and other regular elements of compensation in determining overtime as required by the Act and the regulations established there under, and in particular, §207(e) and 29 CFR §778.

## **COUNT I–Violation of the Fair Labor Standards Act**

9. The Plaintiffs restate and reallege the allegations of paragraphs 1 - 8 of the Complaint as if specifically restated herein.

10. The Defendant has repeatedly violated §7 of the Act by employing the Plaintiffs for work periods in excess of their regular shift without compensating them at rates no less than time and one-half the proper regular hourly rates.

11. The Defendant has no good faith or reasonable ground for believing that it was justified in failing to include the various additional elements of compensation in the regular rate for purposes of calculating of overtime in work periods during which the Plaintiffs worked in excess of their regular shift.

12. As a result of said violation of §7 of the Act by the Defendant, there is now a sum due and owing to the Plaintiffs that is not as yet determined, and when such sum is ascertain, the plaintiffs will seek leave of court to amend the Complaint to insert same.

13. Pursuant to 29 USC §216, the Plaintiffs are entitled to any and all outstanding overtime due them plus and amount in liquidated damages equal to the overtime paid them, less any amount actually paid them, plus reasonable costs and attorneys fees for prosecution of this action.

14.

WHEREFORE, the Plaintiffs pray for the following relief:

    a. Judgment and a declaration that the acts complained of herein are in violation of the Act and that the Defendant Wellesley College is liable to the Plaintiffs under the Act for any and all unpaid overtime compensation, less any

amount actually paid them, from on and after three (3) years preceding the filing of this Complaint and continuing plus and amount in liquidated damages equal to those amounts;

b.    An award of reasonable costs and attorneys fees for the prosecution of this suit to be paid by the city as required by 29 USC §216; and

c.    Such other and further relief as this court deems just and appropriate.

## JURY DEMAND

The Plaintiffs demand a trial on all issues so triable.

Plaintiffs, by their attorneys,

/s/*Stephen C. Pfaff*

_____
Stephen C. Pfaff  BBO# 553057
Louison, Costello, Condon & Pfaff, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305